IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID PERRYMAN, | ) | No. C 06-4197 JSW (PR) |
| Plaintiff, | ) | **ORDER OF DISMISSAL** |
| vs. | ) | |
| ARNOLD SCHWARZENEGGER, et al, | ) | (Docket No. 3) |
| Defendants. | ) | |

Plaintiff, currently incarcerated at the San Francisco County Jail, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging that an investigator on his criminal case defrauded the courts regarding funding on his criminal case. He has also filed a motion to proceed *in forma pauperis*, which is now GRANTED in a separate order filed simultaneously (docket no. 3).

**DISCUSSION**

A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d

696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. <u>Legal Claim</u>

In this case, Plaintiff has sued a criminal case investigator, a private individual. A private individual generally does not act under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. *See Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 559 (9th Cir. 1974). Simply put: there is no right to be free from the infliction of constitutional deprivations by private individuals. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996).

Attorneys in private practice are not state actors. *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *see also Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir. 1996) (attorneys are private actors). Services performed by a private attorney in connection with a lawsuit do not constitute action under color of state law. *See Franklin v. Oregon*, 662 F.2d 1337, 1345 (9th Cir. 1981); *Briley v. California*, 564 F.2d 849, 855-56 (9th Cir. 1977). The same reasoning applies to claims regarding investigators used by private attorneys. As a result, these claims do not come within the jurisdiction of the federal courts. *See Franklin*, 662 F.2d at 1345. Therefore, Plaintiff's claims are DISMISSED.

Plaintiff has also named numerous other individuals, including the Governor, Attorney General, Superior Court, Bar Association and a private attorney. Plaintiff does not identify any factual allegations against these individuals. Instead, his complaint states that he "never know[s] who to actual [sic] name so I name everyone hoping you will name proper defendants." Because the Court cannot discern any basis

for liability against any of these other individuals based on the allegations in the complaint, they are DISMISSED from this action. As such, Plaintiff's complaint fails to state a claim under § 1983 against any of the named Defendants and must be DISMISSED without prejudice to Plaintiff bringing his claims in a proper forum.

## CONCLUSION

For the forgoing reasons, Plaintiff's complaint is hereby DISMISSED. The Clerk shall close the file and enter judgment in this case.

IT IS SO ORDERED.

DATED: January 10, 2007

_____
JEFFREY S. WHITE
United States District Judge

3